**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 10-2123

UNITED STATES OF AMERICA

v.

KELLIE JOHNSON
                    Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court  No. 2:09-CR-00698-001
District Judge: The Honorable C. Darnell Jones, II

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 14, 2010

Before: SLOVITER, BARRY, and SMITH, *Circuit Judges*

(Filed: July 14, 2010)

OPINION

SMITH, *Circuit Judge.*

Kellie Johnson was employed by the Department of Homeland Security as a

Transportation Security Officer at the Philadelphia International Airport.  On October

22, 2009, during an explosive trace detection screening conducted at a security checkpoint, Johnson took a $100 bill from a passenger's purse. The passenger discovered the missing money and reported it. Johnson admitted that she had taken the money, and she was charged with the misdemeanor of theft by a government employee, in violation of 18 U.S.C. § 654. After pleading guilty in the United States District Court for the Eastern District of Pennsylvania, Johnson was sentenced to "6 months (term of imprisonment to be served in a halfway house)."

Johnson appealed.[1] Instead of serving her sentence in a halfway house, Johnson was incarcerated at the Philadelphia Federal Detention Center. She contends that her sentence is procedurally and substantively unreasonable.[2] In her view, there are three procedural errors. First, she contends that the District Court erred because the terminology used in imposing the sentence prevents the sentence of a six month term in a halfway house from being fulfilled. Second, Johnson asserts that the Court improperly applied the specific offense characteristic in USSG § 2B1.1(b)(3) for "theft from the person of another," thereby erroneously increasing her offense level

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. Appellate jurisdiction exists pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

[2] We review claims of procedural and substantive unreasonableness for an abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). An abuse of discretion exists "if a district court based its decision on a clearly erroneous factual conclusion or an erroneous legal conclusion." *Id.* at 567-68.

by two points. Her third assertion of error is that the Court's factual finding that she "compromis[ed] the safety of the nation's travelers" is unsupported by the record.

We agree that the sentence was subject to procedural error. The District Court expressed its intent to sentence Johnson to six months imprisonment, but first afforded defense counsel and Johnson an opportunity to speak. After hearing their statements, the District Court declared "[n]ow, based upon the request of your counsel and the acquiescence of counsel for the Government, I will allow this period of imprisonment to be served in a halfway house, that [is] to be determined and established by the Bureau of Prisons." Immediately after explaining that Johnson had a right to appeal her sentence, the District Court reiterated that the sentence was to be served in a halfway house. Despite defense counsel's request that the Court impose a six month period of probation, with placement in a halfway house as a condition of that probation, the Court decided to "leave the sentence as imposed." The District Judge directed his courtoom deputy to "conduct an investigation to make sure that the sentence can be carried out as I've ... ordered it." Consistent with the Court's oral decree, the judgment stated that the defendant was sentenced to "6 months (terms of imprisonment to be served in a halfway house)." Johnson, however, is currently serving her sentence in a federal detention center. This is the result of a procedural error by the District Court which "fail[ed] to adequately explain the chosen sentence" of 6 months "to be served in a halfway house." *See Tomko*, 562

3

F.3d at 567 (citing the failure to adequately explain the chosen sentence as an example of a procedural error). We will vacate the sentence and remand for resentencing so the intent of the Court may be effectuated.

Johnson also contends that the District Court erred by increasing her offense level by two points for the specific offense characteristic in USSG § 2B1.1(b)(3). We agree that this specific offense characteristic should not have been applied as the theft did not occur within arms' reach of the victim, and therefore did not present the potential for violence or physical injury contemplated by that guideline. *See United States v. Pizarro-Berrios*, 448 F.3d 1, 11 (1st Cir. 2006); *United States v. Londono*, 285 F.3d 348, 353-54 (5th Cir. 2002). Johnson did not object to this assessment before the District Court, and we would normally require a showing of plain error before granting relief. But because we have already determined that the sentence must be vacated and the matter remanded for resentencing, we note this error so that it does not recur during the sentencing process on remand.

Johnson's third claim of procedural error concerns the District Court's evaluation of the seriousness of her criminal offense. She contends that the factual finding that she compromised the safety of the nation's travelers is unsupported. We agree. Our review of the record did not reveal any factual support for this finding.

Because we have determined that the District Court committed procedural error in sentencing Johnson, we will vacate her sentence and remand this matter for

resentencing.[3]

---

[3] Accordingly, we need not address Johnson's claim that her sentence is also substantively unreasonable.

5